IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0356-WJM

FRONT RANGE NESTING BALD EAGLE STUDIES,

    Plaintiff,

v.

UNITED STATES FISH AND WILDLIFE SERVICE;
GREG SHEEHAN, in his official capacity as Acting Director of the United States Fish and Wildlife Service; and
RYAN ZINKE, in his official capacity as Secretary of the Interior,

    Defendants.

## ORDER GRANTING MOTION TO RECONSIDER

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), a prevailing party has thirty days from "final judgment" (defined to mean "a judgment that is final and not appealable") to file a motion for attorneys' fees. *See id.* § 2412(d)(1)(B) & (d)(2)(G). This case became "not appealable" on March 26, 2019, when the Tenth Circuit issued its mandate. (ECF No. 69.) Twenty-nine days later, Plaintiff filed a motion for attorneys' fees ("EAJA Motion"). (ECF No. 70.) That same day, Plaintiff also filed its Motion to Hold in Abeyance Further Proceedings in Connection with Petitioner's Motion for Attorneys' Fees and Costs ("Motion to Stay"). (ECF No. 71.)

Later that day, the Court issued an order that reads, in relevant part, as follows:

> The Motion to Stay explains that the EAJA Motion "was filed to avoid any possible issue regarding the motion's timeliness," but that the parties desire "an opportunity to explore the possibility of settling the fee issue without further involvement by the Court." But, "[s]hould settlement

> negotiations prove unsuccessful, [Plaintiff] will file an amended [EAJA Motion], as well as additional or amended supporting documentation." Under the circumstances described, such an amended motion would not be permissible as of right. Nonetheless, the Court would likely permit it. If success of settlement discussions would moot the original EAJA Motion and failure would lead to an amended motion, there is no need for an original motion and then to hold proceedings in abeyance. It is simpler to extend the deadline for filing an EAJA motion. Accordingly, the EAJA Motion is DENIED WITHOUT PREJUDICE as premature, the Motion to Stay is DENIED AS MOOT, and the Court *sua sponte* extends Plaintiff's deadline to file an EAJA motion until July 23, 2019.

(ECF No. 72 (citations omitted; some formatting removed).)

Even later that same day, Plaintiff filed the motion currently before the Court requesting reconsideration ("Motion to Reconsider"). (ECF No. 73.) Plaintiff argues that the EAJA is a waiver of sovereign immunity and so courts construe its thirty-day deadline strictly. (*Id.* at 2.) "Because of this strict deadline," Plaintiffs say,

> [parties] seeking fees under EAJA routinely file the sort of "placeholder" motion that Petitioner filed here on April 24, 2019. The "placeholder" motion is a common way of proceeding in cases such as this one because a timely-filed fee motion under EAJA can be later amended to relate back to the original filing date. This allows the parties time for negotiation and for the often time-consuming process of obtaining necessary approvals from different agencies and supervisors, and normally results in the parties settling fees—while at the same time ensuring that the fee motion is unambiguously "timely filed" under EAJA.

(*Id.* at 2–3.) Plaintiff accordingly requests that the Court vacate its order extending the EAJA deadline, reinstate the original EAJA Motion, and grant the Motion to Stay. (*Id.* at 3.)

The Court then entered the following order calling for Defendants' response:

> The thirty-day deadline in 28 U.S.C. § 2412(d)(1)(B) is a

> claim-processing rule, not a jurisdictional requirement. *Scarborough v. Principi*, 541 U.S. 401, 413–14 (2004). At a minimum, then, it may be waived by the Government. *See, e.g.*, *Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006). If it may be waived by the Government, it follows that the Government may agree to extend the deadline. If the Court understands Plaintiff correctly, however, the lingering worry is that the attorneys' fees provision is nonetheless a waiver of sovereign immunity and so, although the thirty-day deadline may be waived or extended by the Government, the Court itself may not grant an extension, at least not over the Government's objection. *Scarborough* suggests otherwise. *See* 541 U.S. at 420–23. But rather than tackling that question, the Court DIRECTS the Government to respond to Plaintiff's [Motion to Reconsider] no later than Monday, April 29, 2019, stating whether it opposes a 90-day extension of the deadline set forth in 28 U.S.C. § 2412(d)(1)(B).

(ECF No. 74 (some formatting removed).)

The Court has received Defendants' response. (ECF No. 75.) Quite remarkably, they will not consent to a 90-day extension of the EAJA deadline because they prefer this bizarre dance of a motion for fees accompanied by a motion for stay, followed by settlement discussions, followed by a supplemental motion if needed:

> [Plaintiff's] preferred approach of filing a "placeholder" motion, with briefing on the motion stayed to permit settlement discussions regarding fees, is a common approach utilized in EAJA litigation. The United States regularly does not oppose this approach. . . .
>
> Expanding a Congressional waiver of sovereign immunity on a case-by-case basis is not done lightly. Given that there is an alternative procedural mechanism by which Petitioner can pursue fees under EAJA, there is no compelling reason to expand the waiver of sovereign immunity in the interests of justice.

(ECF No. 75 at 2–3.)

The Court wonders whether the parties have truly considered what they are saying. From the parties' perspective, it is *no* affront to sovereign immunity for EAJA

3

applicants to *routinely* file EAJA motions *with no intention of having the Court rule on the motion as filed*—it is avowedly a "placeholder"—coupled with the Government *routinely* agreeing to a stay of proceedings on the motion, followed finally by *a supplemental motion* if settlement negotiations fail. But it *is* an affront to sovereign immunity if the Court simply extends the EAJA deadline—*even if the Government agrees to the extension*. Nothing of substance distinguishes these two approaches. Frankly, if Congress truly intended an inflexible thirty-day deadline, then the parties' preferred approach is an obvious subterfuge and should be just as impermissible as a run-of-the-mill deadline extension.

The Court recognizes that "[t]he EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). **But the thirty-day deadline is not jurisdictional.** *Scarborough*, 541 U.S. at 413–14.[1] "Once Congress waives sovereign immunity, . . . judicial application of a time prescription to suits against the Government, in the same way the prescription is applicable to private suits, amounts to little, if any, broadening of the congressional waiver." *Id.* at 421 (internal quotation marks omitted). So too, extending a filing deadline, as a court could do private suits, amounts to little, if any, broadening of the congressional waiver. This is especially so if the Government will *agree* to an extension.

The Court is frankly unpersuaded by the parties' arguments to the effect of "this

---

[1] To the extent the Tenth Circuit has ever held otherwise, those cases obviously must yield to the Supreme Court's holding. *See, e.g.*, *United States v. 819.98 Acres of Land*, 78 F.3d 1468, 1471 n.1 (10th Cir. 1996) (approvingly citing an Eleventh Circuit case for the notion that the EAJA deadline is jurisdictional).

4

is the way it's always been done." The Court expects that the practice arose at a time when the thirty-day deadline was deemed jurisdictional. But *Scarborough* put that notion to rest fifteen years ago.

All that said, if the parties prefer to do it the hard way, and prefer to needlessly waste this Court's time with these procedural contortions, the Court will not stand on principle in this instance. The Court therefore ORDERS as follows:

1. Plaintiff's Motion for Reconsideration of the Court's April 24, 2019 Minute Order (ECF No. 73) is GRANTED;

2. The Court's text-only order dated April 24, 2019 is VACATED;

3. Plaintiff's EAJA Motion (ECF No. 70) is REINSTATED;

4. Plaintiff's Motion to Stay (ECF No. 71) is GRANTED;

5. Plaintiff may file a supplement to their EAJA Motion (ECF No. 70) no later than **July 23, 2019**. So as not to put the United States's sovereign immunity in any more peril than the Court has already permitted, **no extensions of this deadline will be granted for any reason whatsoever.**

Dated this 10th day of May, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge